UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0111(1) (PJS/RLE) |
| | Case No. 16-CV-2117 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| ANTOINE MARCELL FICKAS, | |
| Defendant. | |

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

James S. Becker, OFFICE OF THE FEDERAL DEFENDER, for defendant.

In 2007, Defendant Antoine Marcell Fickas pleaded guilty to conspiring to distribute and to possess with intent to distribute methamphetamine. The Court determined that Fickas qualified as a career offender for purposes of § 4B1.1 of the United States Sentencing Guidelines because the offense of conviction was a controlled-substance offense and because Fickas had at least two prior felony convictions of either a crime of violence or a controlled-substance offense. *See* PSR ¶ 32. With a total offense level of 34 and a criminal-history category of VI, Fickas's Guidelines range was 262 to 327 months imprisonment. *Id.* ¶ 110. Fickas also faced a mandatory minimum sentence of 240 months. *Id.* ¶ 109. The Court granted the Government's motion for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and sentenced Fickas to 165 months. ECF No. 66. Fickas did not appeal.

This matter is before the Court on Fickas's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 72. The Court has reviewed Fickas's motion and the record of prior proceedings in this case, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the record conclusively demonstrates that Fickas is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Fickas argues that recent case law—specifically, *Johnson v. United States*, 135 S. Ct. 2551 (2015)—rendered the residual clause of the career-offender sentencing Guidelines (U.S.S.G. §§ 4B1.1, 4B1.2) void for vagueness and therefore unconstitutional. *See* ECF No. 72 at 6-9. Based on that argument, Fickas contends that he was improperly sentenced because the Court relied upon the residual clause when determining whether his prior convictions constituted "crimes of violence" for the purposes of calculating his applicable Guidelines range. *See id.* at 4-5, 9-15. On July 18, 2016, the Court stayed this action pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which addressed the very question raised by Fickas's motion. ECF No. 74. The *Beckles* decision was issued on March 6, 2017. Accordingly, the Court now lifts the stay in this matter.

The Supreme Court's decision in *Beckles* rejects Fickas's argument that *Johnson* applies to the career-offender Guidelines. *See Beckles*, 137 S. Ct. at 892 (holding that "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."). Because *Beckles* forecloses Fickas's argument that the residual clause of § 4B1.2 is unconstitutionally vague, his *Johnson* claim is meritless, and his § 2255 motion is denied.

Fickas's motion also mentions "Amendment 782," the United States Sentencing Commission's 2014 amendment to the drug-offense Guideline. ECF No. 72 at 4; *see also* U.S.S.G. § 1B1.10(d), app. C amend. 782. Just to avoid any misunderstanding: Amendment 782 does not lower Fickas's Guidelines range, and therefore does not give the Court authority to reduce his sentence.

Under 18 U.S.C. § 3582(c)(2), a sentence reduction is authorized only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also Dillon v. United States*, 560 U.S. 817, 826 (2010). One of those policy statements—U.S.S.G. § 1B1.10(a)(2)(B)—provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment [to the guidelines] . . . does not have the effect of lowering the defendant's applicable guideline range." An application note to § 1B1.10 elaborates that an amendment to the

guidelines—such as Amendment 782—can fail to lower a defendant's Guidelines range "because of the operation of another guideline . . . ." U.S.S.G. § 1B1.10 cmt. n. 1(A).

That is precisely why Amendment 782 does not lower Fickas's Guidelines range. Again, Fickas was sentenced under the career-offender Guideline (§ 4B1.1(b)), and that Guideline "trumps" the drug-offense Guideline (§ 2D1.1) that was lowered by Amendment 782. Thus, the career-offender Guideline prevents Amendment 782 from reducing the Guidelines range of a career offender such as Fickas. *See United States v. Thomas*, 775 F.3d 982, 982-83 (8th Cir. 2014) (per curiam) (". . . Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The stay imposed in this matter [ECF No. 74] is LIFTED.

2. Fickas's motion pursuant to 28 U.S.C. § 2255 [ECF No. 72] is DENIED.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 29, 2017        s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge